IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Criminal Action No. 5:05CR46
                                              (STAMP)
LIONEL HAMPTON,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE REVOCATION ORDER**
**OF MAGISTRATE JUDGE**

I.  Background

On October 20, 2005, defendant, Lionel Hampton, was placed under pretrial release supervision by United States Magistrate Judge James E. Seibert. On November 14, 2005, United States Probation Officer Daniel E. Fugate filed a petition with this Court to order the defendant to appear before this Court to show cause why his pretrial release should not be revoked.

The defendant's pretrial release was subject to standard and mandatory conditions that included the following:

The defendant shall avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses: any person who is an alleged victim or potential witness in this case.

The Probation Officer's petition alleges that the defendant violated the above conditions of supervised release by contacting the alleged victim, Donna Hoge ("Hoge"), in this criminal action. Specifically, the Probation Officer alleges that on October 27,

2005, Hoge provided a written statement to the Victim-Witness Coordinator of the United States Attorney's Office indicating that on October 26, 2005, and again on October 27, 2005, the defendant contacted Hoge by telephone and engaged in a conversation with her.

On November 23, 2005, the defendant, his counsel and the Assistant United States Attorney appeared before the magistrate judge for a hearing on the petition to revoke the defendant's pretrial release. At the hearing, the magistrate judge heard testimony from Probation Officer Fugate, who was the defendant's supervising officer, from George Hampton, the defendant's father, and from Kelly Hampton, the defendant's wife. Following the hearing, the magistrate judge found that the defendant had violated the conditions of his pretrial release and his release was revoked. On December 2, 2005, the magistrate judge entered an order memorializing his ruling from the bench.

On December 14, 2005, the defendant filed a petition for review of the magistrate judge's order revoking pretrial release. The government did not file a response.

## II. Discussion

This Court reviews de novo the magistrate judge's decision to revoke the defendant's pretrial release. See United States v. Luisa, 66 F. Supp. 2d 440, 445 (W.D.N.C. 2003) (citing United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(unpublished)). Accordingly, this Court has reviewed the record in this case, including the two statements from Hoge

attached to the petition for revocation and the transcript of the hearing on petition for revocation conducted by Magistrate Judge Seibert. For the reasons stated below, this Court affirms the magistrate judge's decision to revoke the defendant's pretrial release.

Pursuant to 18 U.S.C. § 3148, a judicial officer "shall enter" an order of revocation and detention if, after a hearing, the judicial officer finds that there is "clear and convincing evidence that the person has violated any . . . condition of release" and that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2)(B).

In his petition for review, the defendant contends that he did not contact the alleged victim, but that the victim contacted the defendant. In addition, the defendant argues that the magistrate judge failed to give appropriate weight to evidence that the defendant refused to talk with the victim. This Court disagrees.

At the hearing, the Probation Officer gave testimony that the defendant contacted the Probation Office on October 24, 2005, to indicate that the victim had attempted to contact the defendant. The Probation Officer testified that he advised the defendant that the defendant was to have no contact with the victim. The Probation Officer then testified that Ms. Hoge then wrote statements indicating that the defendant contacted her by pay telephone on October 26, 2005 and October 27, 2005. The Probation

3

Officer testified that he discussed Ms. Hoge's statement with the Victim Witness Coordinator in the United States Attorney's Office who received Hoge's statements.

The defendant's father, George Hampton, testified that, on one occasion, his son answered a call from the victim and told her not to call him at any time. This witness offered no testimony as to whether the defendant had had contact with the victim on other occasions.

The defendant's wife, Kelly Hampton, testified that she received calls from payphones that she assumed were from the victim. Ms. Hampton also testified that she and the defendant changed the defendant's cell phone number to prevent the victim from contacting the defendant. However, similar to the defendant's father's testimony, Ms. Hampton offered no testimony that indicated the defendant had not tried to contact the victim.

In sum, there is no testimony or evidence that disproves Ms. Hoge's written statement that the defendant contacted her on at least two occasions.

Based on this Court's review of the statements made by victim Hoge and attached to the petition for revocation, based on this Court's review of the testimony of the Probation Officer and based on this Court's review of the testimony made by the defendant's father and wife, this Court finds that there is clear and convincing evidence that the defendant has violated the condition of his supervise release that he avoid all contact with the victim

in this action.  Indeed, the defendant's own witnesses indicated that the defendant had not "avoided <u>all</u> contact" with the victim as required by the conditions of the defendant's pretrial release. Moreover, this Court finds that the defendant is unlikely to abide by any condition or combination of conditions of release. Accordingly, this Court finds that the magistrate judge's order revoking the defendant's pretrial release must be affirmed.

### III. <u>Conclusion</u>

For the reasons stated above, the magistrate judge's order revoking pretrial release for defendant Lionel Hampton is hereby AFFIRMED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    December 20, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE